Good afternoon. Illinois Appellate Court, First District Court is now in session. The First Division, the Honorable Justice Michael B. Hyman presiding. Case number 20-1354, RehabCare Group East, LLC v. Mayfield Care Center, LLC. Good afternoon. Sorry, we're a couple minutes late. My name is Justice Michael B. Hyman. With me is Justice Aurelia Putinsky and Justice Mary Ellen Coghlan. We will conduct ourselves as if we were in the courtroom. That means we will be asking questions. We'll probably be interrupting you. If we interrupt you, please finish your response or whatever you're saying. And then, if you would please answer our questions, we would appreciate it. Each side has 20 minutes. And the appellant in reserve, I know we have cross appeals here. So, appellant first, I'll be, and well, if you wish, you could talk about the cross appeal at that time. Or we could do it that you have two replies. I mean, either, I don't know, we don't, I don't think we have a preference. Do you, do the parties have a preference? As speaking for the initial appellant, defendants appellants, Your Honor, I'd suggest 15 minutes opening and five minutes closing for my sake. For your sake, that's fine. Is that okay with the appellant? Your Honor, on behalf of the appellant and cross appellant, would it be all right? And I'm not sure if I'm understanding the suggestion correctly. If I reserve a few minutes as well to have the final thing to say on the cross appeal and rebuttal to whatever Mr. Ashman may have on just the appeals. Okay, we'll give you a couple of minutes. That'd be fine. What's Mr. Seldinger going to do? I'm going, Your Honor, I am going, I represent rehab care as well. I've served as local counsel on this matter here in Cook County from the beginning of the case until now. So I will be seen but not heard, Your Honor. If you're not going to be heard, you don't need to be seen either. Well, I mean, it just makes it easier on the Zoom. Happy to stop video judge and I'll mute as well for the court just in case, but thank you. It's as if you're sitting in a counselor's room. Good morning, Your Honor. Ashman, I represent the Fundance Appellants. And let me simply introduce the whole argument by concluding it when I say that adopting plaintiff's rehab care's interpretation of the law of unjust enrichment but expressly allows a double recovery. Okay, let's stop right there. Okay, so we all know what the law is, including the judge. The judge said you can't have a contract one or the other. I understand. Now, of course, here, the way the judge saw, there were different parties. So let's start with a party that's not present. That's Everett. Everett is not part of this appeal, correct? Correct, although a judgment has been entered against it for the full amount. Right, but they're not part of the appeal. So that... Correct? Correct. Okay, so the judge said Everett is on the contract and the judge also provided that under the contract, there are attorney fees and Everett's responsible for that. What you're saying... ...case now... ...judgment was entered in favor of rebar against the facilities, there's a potential of double recovery. Am I stating that correctly? Absolutely. Okay. Now, why couldn't the court do what it did? And we know that you're only... I don't think anybody's saying they get double recovery. Their rehab gets double recovery. But why can't they have an alternative theory where if Everett does not pay the judgment, then the judgment with regard to the facilities will kick in? Well, they do have alternate pleadings, but they are forbidden by law to have it both ways. And this court has already ruled on that, that this court... No, no, but that's not my question. You say they have it both ways. It's not both ways. Before us, Everett's not before us. Okay, so that part of the case is over. So the only question is a double recovery, as I understand it. Okay, and how can there be a double recovery? You know, we haven't heard from the Pele, but let's assume for sake of argument that they say that they only allow one recovery. They concede they're only... If they do, I don't know. I'm making this up. But let's say they do concede. Then where does that put us? Well, where it puts us in the same place as the court decided in the Prince matter, which held that where there is a contracting party that was a shell corporation, and where a non-party to the contract actually received benefits, held that the insolvency of the contracting party does not give rise to unjust enrichment versus the solvent beneficiaries who are not contract parties. Number one, we don't have... I'm sorry. But we don't have any solvency issue here. That's not really applicable to our situation. But to your point, Your Honor, even if rehab care states, well, we're not going to even ask for a double recovery, I don't know. First, they don't say that our theory of double recovery is incorrect. They don't say it can't happen. They say it won't happen. They just say, we won't do that. Don't worry about us. In future situations, the fact is, as it stands today, they are allowed to get the full amount of the... Enrichment under the facility. Well, but you're saying that for something... We only decide cases before us. Okay. Something that is a little different than what you're proposing, because the agreement itself provides, for example, that interest or late payments would accrue if the manager and or facility fails to make any payment due. And that the manager and or facility shall be responsible for payment. So... Yeah, go ahead. Pardon me. Go ahead. First, it's true that the Everest case is not before the court, but the court certainly could, and in my view, should take notice that there is a judgment in this case against Everest. And I'm glad the court brought up the issue of what the contract says, because there's a grand total of only one party who is obligated to make payment, and that is Everest. The manager in 4A, fees. Manager, which is Everest, shall pay, reappear with the applicable time period, the fees for the therapy services. It's the only party obligated to make payments. And there is no allegation that Everest was an agent for the principals. There's no allegation that the facilities were principals. There's no allegation of actual authority, apparent authority, or any agency relationship. It's in the contract, isn't it? Because the contract says the word for. It says the word for. What does for mean? Well, it could mean lots of things. No, I'm asking what it means in this context. The use of the word for in many different occasions. What does it mean? With respect to. What's it mean? Why does it say Everest for? Why does it say for if it was just Everest? Well, to this, first of all, it is to distinguish there are three contracts with respect to Beacon, with respect to Uptown, and with respect to Mayfield. What rehab care could have very easily done is make the facilities signatories. They could have very easily. And we're not talking about could have's here. What we're talking about is what has happened, and that's what we have to interpret, okay? So we have an agreement, and we look at the four corners agreement, doesn't appear to be ambiguous at all. And so let's look at the made a determination that, in fact, there was no contract between rehab care and any of the facilities. And we believe the trial court was absolutely correct. And the first half of rehab care is brief. They agree with the trial court too. And I agree with the position then that the trial court was incorrect, that there actually was an agreement between rehab and the facility defendants, but yet facility defendants are completely off the hook, and they don't have to pay a dime even though they got the benefit of the Medicare payments and all the other monetary things that they got. Is that your position? No, I believe the trial court specifically held that there were no contracts between rehab care and the facilities. No, I'm asking your position. My position is there were no contracts between the facilities and the plaintiff. The contract that existed was between rehab care and Everest. They had their ability to make whatever deal that they wanted. They drafted the contract. They could have, should have, might have. But the fact is, the presumption is against provisions that could have easily been included in the contract, but were not. The fact is, the parties did not- Well, who got the money from Medicare? There is no issue here of an attempt to avoid liability- Could you answer my question? Who got the money from Medicare? Truthfully, I don't know, but I speculate that the facilities did, but it's a speculation only, Your Honor. There is no challenge to the judgment for the full amount entered against Everest, so there's no effort here to avoid responsibility. There's an effort here to avoid responsibility twice. They can't have it both ways. They can't have it collected from the one party under contract and the other parties under unjust enrichment. Well, I started with that, and I said that let's assume everybody agrees with that, including the judge, right? Am I correct? The judge said that that's the law. We all agree it's the law. So if rehab doesn't believe in that, it seems to me that's pretty strong law that has to be followed. So again, what are we arguing about? That we already know that Everett is on the hook, so the question is here, to boil it down to its essence, in my view, is just whether you have to pay once for Everett, and the facilities each of them has to pay, and let's say we say that's not possible, but you can have different theories and alternatives, and different parties could be responsible in different ways. For example, if under the judge's ruling, the facilities do not have to pay attorney fees, correct? So unjust enrichment, and only the contract provided for attorney fees. Under our belief, your honor, if you're asking me my position, the facilities don't have to pay a dime for anything. No, no, no, no, no, no, no, no, no, no, no, no, no, no, no, no, no, no, no, no, no, no, no, no, no, Am I correct? If I may, I don't have to follow the bedrock. At my clinic. About And for Other another part other parties that would be responsible. Now, you're saying, on what basis, are you saying that the judge can't do that. What I'm saying is there's absolutely nothing to prevent the party and rehab cares position from collecting twice on 2 different judgments. It's not either or it's find out. We're going to find out. We're going to ask them and we'll find out because if they can. Double recovery. And a judge in no way intended. There'll be a double recovery. Then what is left for us to do? Well, what they do say on page. Double recover. Today and. So, please. Which. Of a. I apologize for the. Not at all. Because none of the parties in our view are either signatories or parties. And if they are, if the court does consider them as contracting parties are bound by the contract is rehab here. Want the court to think now we've got the identity of the parties in doubt, or at least contested. We have an issue of contract interpretation. We've got no allegations of agency law, the contract that the, the trial court would have to take evidence as to who the parties actually are with a trial on the merits of summary judgment would be inappropriate. And it should be. In fact, if they adopt that line of thinking, the summary judgment should be reversed to remain the manner remanded. For further proceedings is just who the heck the contracting parties are, or should be as to their varying theories. This is not a function, your honor of whether or not they can do either. Or it's a, it's, it's a basic reason for existence of the doctrine in the 1st place. And even in the sea Zabo case. The 2nd district case, upon which they say, it supports reappearance position, even though it's the 2nd district, even though it was decided 5 years before this court decided high concept. Even in the sea Zabo, the court determined, don't worry. There's no fear here of double liability or double recovery. There's no issue here of someone having to pay twice or something, having to receive twice the same money. And that's because the, the parties, the moving party waited too long to to act to prosecute his remedy at law. And there was no issue, even in that. The only Illinois case that plaintiff summons for support. It's the only 1, even that 1 says, don't worry. There's no chance of a double recovery here. And found away in our view, an outlier case, and in our view, superseded 5 years later by this court in high concept, which said, when you're giving you have a contract with a, and benefits to be, who's not a contracting party. And you sue under contract to a, and you sue under unjust enrichment against be the unjust enrichment claim has to be dismissed. Why there is a written contract. We're not going to reform your bargain plaintiff. We are not going to. What if the manager is on a. Rehab care, because the contract didn't provide for the facility defendants to pay. So it looks like you don't get paid. Not only is it my position, it's the law. That's the deal that you're not really objecting to double. If that were no, your honor, if that were true, we would appeal the judgment against. We're not trying to avoid that. That was the that was the judgment on contract. The case law that we've cited makes it clear. The judgment under contract is against. Right. That's the deal that you struck. That's, that's, yes, it's my position, but it's my position because I've read the case. And the court is not going to Reform. You. We're not looking. We have not appealed a judgment against average. Any other questions. Thank you. Primer. Afternoon, your honors. I think what it's ultimately coming down to here is that the facility defendants would like to say that there's no contract between them and rehab care, which is what the trial court found But also that they don't have to pay for the benefits that they received and would be unjust for them to retain To your honors question about whether there's a potential for double recovery now rehab care said that in its briefs. It's never seeking it. It's not asking for it to Mr Ashman's concern about. Well, we shouldn't have to take rehab carrot. It's word Fair enough, but the law is pretty clear that you only get to recover once if if that's an issue. I mean, it's not a situation, the same as, for example, joint and several But you can kind of analogize it in so far as just because both are on the hook for the same amount doesn't mean you get to recover it twice. And that's also yes has rehab care been compensated at all has ever paid any part of this judgment. Of the judgment or no. And why is that was it state or something. No, the none of the defendants or facility defendants filed an appeal. So there were some procedures supplementing procedures as far as citations. And so far, there has been nothing that has has turned up as a result of that. So, to date, rehab care has not recovered anything from this litigation other than a discovery dispute that happened early on that there were some fees awarded. So, this is a situation where you've been paid on the judgment and now you're seeking double recovery. We have that rehab care has not received anything on the judgment, your honor. But do you know if Beacon uptown in Mayfield actually got money from Medicare for the services. Yes, your honor. With a caveat. So the way that the skilled nursing facilities operate is that they are the ones beacon Mayfield in uptown and the testimony in the dispositive briefing shows that they agreed with that or they testify to that. That they're the ones that hold the licenses. They're the ones that have the provider agreements with Medicare with Medicaid HMOs, whatever it may be, and Medicare will only pay Medicaid will only pay the holder of the provider agreements and the licenses. Ever so said it never held any, any of the licenses, any of the agree. Everest was just the manager of all those places, but it didn't have a license to get the money from Medicaid. That is correct, your honor. Okay, so to the extent and we have not had any evidence below during dispositive motion briefing and discovery. It never came up. That the facility defendants were not paid for the services that issue from the payors so it's it's not an issue where they're contesting that they received both the services from rehab care. And also got the payment. So the facility defendants in terms of the unjust enrichment side of it are sitting on well. Sitting on the wrong word, but have have gotten the services for their residents and they are a skilled nursing facilities to maintain their license. They are required to provide services like therapy. If their residents require it. And Medicare Medicaid expects that and expects because of the regulatory overlay of how things get reimbursed. It has to go to the skilled nursing facility who is supposed to then pay its vendors like rehab care. So that's what's supposed to happen. And with respect to to this, the argument that the facility defendants have advanced that they should not that there is not a viable claim for unjust enrichment. If the trial court found if this court were to find on our cross appeal that rehab care has a contract with beacon that rehab care has a contract with Mayfield and rehab care as a contract with uptown. Rehab care wouldn't dispute that it can't then get unjust enrichment against those beacon Mayfield uptown. But the issue here is that the trial court said there is no contract. And it's a contract or remedy at law against a party that bars unjust enrichment. The fact that there may be another contract floating out there with another party. Another entity is not a bar for an alternative equitable cause of action. What about councils and we're getting a little bit into the cross appeal. But what about councils argument that the contract says, oh, no, no, no, no, no. The only party you can recover against is the manager and at the individual facilities. And that does cross over into the cross appeal on the breach of contract and we are arguing kind of an alternative worlds here but if that is the case, the if the only party to the contracts, besides rehab care is Everest, then Everest is the only one who is barred or who is who is under any obligations under the contract. So, in terms of the unjust enrichment side of it. If that's what this court agrees and with the trial court which trial court found that he can make uptown or not parties to the contracts, there's no question that the unjust enrichment judgment can stand because all the other elements were met and frankly the facility defendants didn't even contest anything other than this legal argument about whether unjust enrichment as a claim is barred and then I suppose the concerns potential concerns about double recovery. If, if we switch to the cross appeal side and it's a bit two sides of the same coin and that, you know, if the court disagrees with the trial court on unjust enrichment, and because it finds that there's a contract then rehab care should be entitled to judgment against the facility defendants for contract. And the thing that that is interesting with the way that this litigation played out is rehab care has always believed that it was it had contracts with beacon may fill them up to the facility defendants have also always believed that up until basically the dispositive motion briefing because they judicially admitted it multiple times. So in their answer to the breach of contract claim which rehab care asserted against all of the defendants including Everest. All of the defendants admitted that they were parties to their contracts out, it's beacons and a beacon contract not beacon to make fill in uptown but to their respective contracts. They admitted that the answer and a judicial file. They admitted it again when they filed their request for admission where we have care had asked them to admit that beacon is party to the beacon agreement may feel to the Mayfield uptown to the uptown, and that they're valid contracts, and they admitted that thing, as far as what the parties actually understand about the contracts, and what the contracts say because they are clear on their face, is that all for defendants filed a breach of contract claim against rehab care, and that breach of contract claim was without permission to belatedly file a counterclaim. And that counterclaim was Everest beacon may feel than uptown, all four of them said that they had contracts with rehab care and rehab care allegedly breached. And that was filed with the court, and it's a judicial admission it's binding and to the extent that the contracts that there could be any question about the contracts I think that answers answers the question as to who the parties are. But I think, but my confusion is and obviously I don't know this as well as parties do. It sounds like counsel is arguing that even if we, if, if the judge was wrong, and there was a contract that even under those circumstances, the facility defendants are still off the hook, because the contract only provides that the manager has to pay not the facility defendants. How do you respond to that, because I think that's what he's arguing that he's arguing that the contract provides that only the manager is responsible for payment, not the facility defendants. And if that's if we're going to say that the manager Everest is the only one on the contract and yes under the contract that's the only one who's who's responsible. And that's what the trial court found that under the contract only Everest was responsible. But if they're not parties to the contract and they're not there, there's nothing in the law that says that you're bound to a contractor not a party to, or that there's not other causes of action out there that are not based on the contract so to the extent that that that ruling holds and that they, it's determined, yes, the, the facility defendants have no contracts with rehab care, then Everest is the only one who's going to be bound by that and rehab care is free to pursue alternative claims of action causes of action. Oh, I'm, my question is, if, if we were to conclude that they were parties to the contract. What, what remedies do you have against the individual facilities under the contract because I think I heard a few minutes ago that there aren't any that the only remedy would be limited to the manager and at the facility defendants. Your Honor, there are other if they're parties if they're actually parties to the contract there are other provisions within the contract that envision that that the facilities will also be paying that if the manager isn't the one if Everest doesn't pay, one of them has to pay and it's the the language that just just as Hyman cited to as far as if either of them doesn't pay. Then we're also entitled to all of this not so is it perhaps the, the, you know, would we have liked to have seen a little bit different language maybe but at the end of the day I think the contracts are clear that the expectation from all the parties was that both Everest and whichever facility defendant were party to it we're supposed to pay for the services. Let's take what you said, see if I understand it too. I know what I understand you to say there's been a concession made that all the parties to this case, or parties to the country. Correct. Yes, that the facility well the facility admitted everybody's a part of the contract. That's been stated several ways, several times in different ways throughout the litigation. Okay. So, in that regard, the judge was wrong. And ruling that the facilities were not part of the contract. Correct. So, we could that then what that means is what the appropriate way to look at this then considering their concessions in this case, is that all four parties of the defendant of all four of the. Yeah. The defendants. The appellants would be responsible for the judgment. Yes, and the attorney. Yes. And then there's no one Justin Richmond. Correct. And the story. Yes. So, and what the judge did is kind of split it because the judge is not believe that the facilities were part of that agreement under his interpretation of the agreement. That's, that's how I read it though the party had conceded it several ways in litigation. Yes, Your Honor. So the appropriate thing that you're asking us to do then would be to send it back for entry of judgment against all four entities on behalf of rehab in the judgment would include attorneys, and then they can collect against each of the judgments would go to the particular specificity, and to ever on each of the three contracts, correct, yes that it would, yes the beacon would not would only be responsible for the beacon again and then everybody be responsible for all three. So it actually would be pretty much the position that it would be in if we, we cut if there's these two judgments, basically, you know, the, the only thing that changes would be that the facilities would also be responsible attorney fees, which they are not now. Correct. But so, so if we put it together the way that the appellants have already conceded, then case, there is no problem with regard to double recovery there's in the law with regard to just enrichment has been followed to the, to the, as it's understood, in the case. Correct. And, you know, and again that's that's rehab care has always said throughout this case that it understood that it was a breach of contract that was its primary claim but always brings these alternative claims in the event, as the trial court here found that there's a member and manager of both Everest, and each of may be able to begin an uptown. So I'm saying that is contracts that were signed by an appropriate agent. Yes, Your Honor and to the question about the word for the laws indicates that the case law and following those for statement of receiptment says that when you've got the agent's name which is Everest here, followed by four or as agent for some combination thereof and then the principles name the principles going to be. And so that's what happens here. And then, you know, Everest is also bound because case law says that where the agent indicates that it also intends to be bound by the contract, it will be Okay. Any other questions. Okay. Mr Ashman five minutes. Thank you, Your Honor. Move as quickly as I can. In terms of concessions, Your Honor, it. Let me, let me make this concession to Your Honor that prior counsel did make some filings that were not as cogent or coherent as we'd have liked. That said, when rehab tier states that they answered requests to admit admitted admitting judicially admitting the fact that they were a beacon at the facilities were contract parties, they were answering requests to admit that Everest, and or beacon were signed the contract Everest, and or uptown sign the contract that's what was admitted to. So what I can and or what does that mean you're saying. Correct. The contracts themselves part of any of the record. Yes. Okay, we are. No, that they are in one document. They're attached to a current claim, and I know we have here attached it for a redacted version of it to redact proprietary information attached to their complaint. The fact is, however, what is and or mean. Well, I'll tell you what and or does not mean it does not mean and it could mean, or, no, I think you're absolutely incorrect as a matter of English. What and or which is something that probably lawyers should not use but it's known to be and and, or, so it's a and be a or B, it's both. It's not one or the other, as you seem to be suggesting, but the understanding, according to the dictionary is it's both. So you have the end, and you have the or so I don't see how that argument you just gave in at all helps you. Well, we now know that the request to admit also included the phrase Everest or beacon signed the contract. I bow to your honors superior knowledge. I'm not saying it's superior. Well, I am. I am. But what I what I can say is another lawyer superior to me Abraham Lincoln made it very clear that when you're dealing with a four legged dog, and you call the tail of a dog, a leg. That dog got four legs, not five, and we could spend the rest of the day saying that we signed the contract when we didn't, or that we're contracting parties and they weren't. I don't think Lincoln was referring to this country to tell you it was not referring to this country I don't think it apply. Guaranteed, but it is does have some presidential value. I don't know I don't think I don't, I know that the quote quite well, but in any event, we have separate here we don't have to go to the, the, the stool, let's just go to Mr leave of its. He admitted at his deposition that he believed the he had the authority to sign for facility defendants and Mr. Henneman Heineman said the same thing. We could remove all down. If the plaintiff did what could have easily been done and remove downs remove all the arguments remove all the controversy, and just have the signature line for Everest and a signature line for the issue and you know we're not rewriting the contract the contract is there and we have testimony from the individuals involved that they had that authority. And, in fact, because it may have not been what you wanted but apparently it's in the record, and you have to live with the pleadings and you have to live with your admissions. And so for purposes of this case. If we accept all that, then the judge might be have incorrectly determined that the facilities were not part of the contract, and that take them, everything is solved. And we have one in your should be very happy because you have one judgment. And we have one attorney fees, and everybody can go from there. So what's the problem. Right. All I have to do is lose the appeal in order to achieve happiness. I don't know what Lincoln would say about that but that's another day. He would say something about divided, we fall. But I do think that if I mean we would have to the court would have to overrule the trial court upon that finding. And I do believe it would have to undermine high concept. I do believe that we would have an issue of granting relief in the, in the face of a written contract, unless the court decides on just enrichment does simply doesn't apply. And everybody has gotten it wrong. Okay. Any other questions. Anything else you want to say. Anything else. No, you're right. Okay, thank you. Two minutes. And I'll be brief your honors. I'm just briefly on the high concept holdings case referred to again if if this court determines that there's a contract with the three facility defendants it doesn't really matter but either way high concept holdings is an unpublished case where the fact situation is distinguishable. Based on what was going on there and the relationship and what played out it's it's in the briefs but just to highlight that there is that is different with respect to the RFA is request permission whether or not there's a debate on what and or actually means, at any or all of us would have done it differently. If at the time is not before us today. And so, you know, if the court would would like to affirm all of the trial courts rulings and finds that the there isn't they aren't parties to the contracts that that's always one option or alternatively, as, as we've argued on our cross appeal didn't even contest any of the factual things that support the rest of the breach of contract, and if that's the case then rehab care would ask that this court determined that find that the trial court may have gotten it wrong in terms of the breach of contract and that we have cares entitled to to breach of contract judgment against all the defendants or facility defendants here on appeal. Thank you. Want to thank both of you. Thank you for your briefs. Thank you for your excellent arguments. You're both gave us lots of think about, and we will take the case under advisement.